UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

April 19, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Cheryl M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. 21-1974-BAH

Dear Counsel:

On August 5, 2021, Plaintiff Cheryl M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny Plaintiff's claim for disability insurance benefits. ECF 1. I have considered the record in this case and the parties' cross-motions for summary judgment. ECF 8, 10, 12. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. This letter explains why.

I.   **BACKGROUND**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on November 19, 2019.[1] Tr. 192–98, ECF 8. Plaintiff alleged a disability onset date of October 27, 2016, which Plaintiff subsequently amended as October 28, 2018. Tr. 192, 35. Plaintiff's claim was denied initially and on reconsideration. Tr. 95–98, 104–109. On April 7, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–60. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12–28. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, hypothyroidism, and lumbar degenerative disc disease (20 CFR 404.1520(c))." Tr. 17. The ALJ then found the following impairments non-severe: "a mildly comminuted impacted fracture of

---

[1] The record reflects a discrepancy as to the exact date of Plaintiff's Title II application: the ALJ decision lists the dates as October 21, 2019, Tr. 15, while the Court Transcript Index lists the application date as December 9, 2019. ECF 8 at 2. The November 19, 2019, date is listed as the date on which the SSA states, "we talked with you [Plaintiff] and completed your application for SOCIAL SECURITY BENEFITS. We stored this information electronically in our records. We are enclosing a summary of your statements." Tr. 192. As such, November 19, 2019, is the date the Court will recognize as the date Plaintiff's application was filed.

*Cheryl M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-1974-BAH
April 19, 2022
Page 2

distal radial metaphysis with mild angulation" on the right side, and hypertension. Tr. 17–18. As to Plaintiff's medically determinable mental impairments of anxiety and depression, the ALJ also found them to be non-severe because "considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities[.]" Tr. 18.

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] can frequently balance." Tr. 20. The ALJ determined that Plaintiff was capable of performing past relevant work as a claims clerk and customer service representative, which would not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 23. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24. Plaintiff now seeks judicial review of the SSA's final decision pursuant to 42 U.S.C. § 405(g).

## II.    ANALYSIS

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Against this backdrop, the Court considers the two arguments that Plaintiff raises on appeal, specifically that the ALJ erroneously: 1) found Plaintiff's anxiety to be a non-severe impairment, and 2) presented a legally insufficient RFC to the vocational expert. Pl.'s Br. 8–9, ECF 10-1. Plaintiff's first argument, that the ALJ erred in finding Plaintiff's anxiety to be a non-severe impairment, is supported by references to Plaintiff's testimony at the ALJ hearing and the opinion of Plaintiff's primary care physician, Tania Crussiah, M.D. Plaintiff explains that a "severe" impairment is one that "must cause more than a minimal effect on one's ability to do basic work activities." *Id.* (citing 20 C.F.R. § 404.1520(c)). Plaintiff recounts numerous statements from Plaintiff's testimony to illustrate that Plaintiff is more than minimally affected by their anxiety and issues with memory, concentration, and persistence. *Id.*

Defendant equates Plaintiff's argument to a request that this Court reweigh the evidence before the ALJ. Def.'s Br. 7, ECF 12-1. Defendant asserts that "the mere fact that [Plaintiff] can cite to evidence [Plaintiff] believes supports [Plaintiff's] allegations of disability does not establish

*Cheryl M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-1974-BAH
April 19, 2022
Page 3

that the ALJ erred." *Id.* at 5 (citing *Newport News Shipbuilding and Dry Dock Co. v. Tann*, 840 F.2d 540, 543 (4th Cir. 1988) and *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) as authority that provide the proper standard of review). Defendant lists numerous references to the ALJ's decision that demonstrate that the ALJ's step two rationale is well-supported by the evidence in the record. *Id.* at 6–7. For example, the ALJ considered Plaintiff's testimony about memory trouble "but pointed to [Plaintiff's] self-reports that [Plaintiff] was able to pay bills and handle [Plaintiff's] finances, which the ALJ explained are tasks that generally require the ability to understand, remember, and handle information (Tr. 18, 245)." *Id.* at 7. The ALJ also stated that Plaintiff "reported that [Plaintiff] does not need reminders to take [Plaintiff's] medicine." *Id.* (citing Plaintiff's Function Report, Tr. 245). As such, the ALJ balanced the mild limitations against evidence of Plaintiff's allegations of greater limitations and found that Plaintiff had a mild limitation. *Id.* By contrast, Plaintiff's brief only contains a total of three citations to the ALJ's decision, instead opting to restate Plaintiff's own opinions in lieu of identifying how the ALJ's findings were not supported by substantial evidence.

Next, Plaintiff challenges the ALJ's weighing of the Mental Capacity Assessment form that Dr. Crussiah submitted as evidence of "marked limitations in several areas involving sustained concentration and persistence." Pl.'s Br. 9, ECF 10-1 (citing to Tr. 404). Plaintiff asserts that the ALJ, "without basis," found to the contrary in concluding that Plaintiff's anxiety is non-severe. *Id.* In contrast, Defendant states that, "the ALJ considered this opinion and found that it was not supported by the provider's own treatment notes, which showed that [Plaintiff] had stopped [Plaintiff's] medication and [Plaintiff's] mood had 'done well,' and [Plaintiff] did not wish to start daily medication (Tr. 23, 303, 439)." Def.'s Br. 6–7, ECF 12-1. Further, "aside from [Plaintiff's] own self-reports, the record contained no clinical evidence that would support difficulties with concentration." *Id.* at 7. The Court agrees with Defendant and finds that the ALJ's evaluation of the Mental Capacity Assessment form is supported by substantial evidence.

Plaintiff concludes their first argument by referencing a case in this District in which the court found that remand was necessary because the ALJ failed to find the claimant's foot injury was a severe impairment. Pl.'s Br. 9, ECF 10-1 (citing *Albert v. Astrue*, Civil Action No. CBD-10-2071, 2011 WL 3417109 (D. Md. Jul. 29, 2011)). Plaintiff posits that *Albert* stands for the proposition that failing to make a determination at step two of the five-step sequential evaluation process[2] constitutes reversible error. *Id.* (citing *Boston v. Barnhart*, 332 F.Supp.2d 879, 885 (D. Md. 2004)). Defendant distinguishes the two cases cited by Plaintiff, noting "*Albert* and *Boston*[] stand for the proposition that an ALJ's failure to discuss an impairment–severe or non-severe–at step two requires remand where the ALJ fails to address the impairment at subsequent steps of the sequential analysis." Def.'s Br. 5, ECF 12-1 (citing *Tamika B. v. Saul*, Civil No. GLS-19-3345, 2021 WL 949469, *3 (D. Md. Mar. 12, 2021)). Defendant correctly contrasts that the ALJ in this case *did* discuss an impairment and made a finding at step two. Indeed, the premise of Plaintiff's first argument – that the ALJ's finding is wrong because Plaintiff's anxiety should be considered severe – concedes that the ALJ in fact made an explicit finding at step two. *Id.* at 5–6.

---

[2] 20 C.F.R. § 404.1520(a).

*Cheryl M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-1974-BAH
April 19, 2022
Page 4

At the heart of Plaintiff's second argument[3] is the assertion that the ALJ erred in assessing Plaintiff's RFC because it "does not adequately reflect [Plaintiff's] mental impairments." Pl.'s Br. 10, ECF 10-1. Specifically, Plaintiff asserts that in assessing Plaintiff's RFC, the ALJ: (1) ignored evidence of Plaintiff's mental impairments;[4] (2) ignored evidence of Plaintiff's chronic back pain; and (3) failed to include a sit/stand option. *Id.* at 10–11. Defendant responds by saying, "[Plaintiff] once again recites [their] subjective testimony and Dr. Crussiah's opinion, both of which the ALJ found inconsistent with and unsupported by other evidence in the record." Def.'s Br. 9, ECF 12-1. Defendant has the stronger argument; Plaintiff has not met their burden of proving that the ALJ erred in performing the step two or RFC analysis. Defendant's motion must be granted.

The ALJ's decision withstands the Court's review because the ALJ provides substantial evidence to support their findings. The ALJ adequately conducted the mandatory five-step analysis throughout the decision and reached each step's conclusion by applying the correct legal standards. Therefore, the SSA's March 3, 2021, decision must be upheld.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 10, is DENIED and Defendant's Motion for Summary Judgment, ECF 12, is AFFIRMED.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[3] The second argument is outlined as "[t]he ALJ's RFC presented to the VE is legally insufficient." Pl.'s Br. 9, ECF 10-1. However, the majority of the second argument details how the RFC itself is erroneous, abandoning the development of a step five error.

[4] Plaintiff contends that the ALJ ignored that Plaintiff's anxiety "caused [Plaintiff] to miss time from work;" that Plaintiff was having difficulty leaving the home and did not like going to unfamiliar places; that Plaintiff was consistently diagnosed with anxiety by their primary care physician, for which medication was prescribed; and that Plaintiff's memory issues were getting worse, as expressed by Plaintiff's spouse and daughter. Pl.'s Br. 10, ECF 10-1.